UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CRIMINAL ACTION NO. 07-83-DCR
CIVIL ACTION NO. 09-7085-DCR

UNITED STATES OF AMERICA,                                               PLAINTIFF

VS.

YAWISH AUCHI,                                                       DEFENDANT

**REPORT & RECOMMENDATION**

Defendant Yawish Auchi, proceeding *pro se*, filed a motion seeking to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, *see* Doc. 257. In response, the United States has filed a motion to dismiss the proceeding, Doc. 268, to which defendant Auchi has filed no timely reply. The motion to vacate has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. §636(b).

**I. Background**

Together with five co-defendants, Auchi was indicted in a superseding indictment on a charge of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846. A second count was included for forfeiture of currency. Doc. 86. On May 16, 2008, Auchie entered into a written agreement to plead guilty to Count 1. *See* Doc. 229. The undersigned recommended that Auchie's plea be accepted; the district court adopted that recommendation and accepted defendant's plea on July 8, 2008. Defendant appeared before the court for sentencing on November 10, 2008 and the court accepted the written plea agreement at that time. Doc. 227. Judgment was entered sentencing defendant to a term of imprisonment of 80 months, to followed by a term of five years of

supervised release. Doc. 236. The forfeiture charge in Count 2 was dismissed pursuant to the terms of the plea agreement.

Paragraph 7 of the Plea Agreement states: "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." Doc. 229. Auchi did not appeal, but does seek to collaterally attack his conviction and sentence through the instant motion to vacate his sentence. The United States argues in its unopposed motion to dismiss that the defendant knowingly and voluntarily waived his right to bring the instant motion.

**II. Analysis**

**A. Defendant's Valid Waiver Bars Relief**

A motion brought pursuant to 28 U.S.C. §2255 is a collateral attack on a conviction. The defendant expressly waived his right to collaterally attack his conviction and sentence by agreeing to the plea bargain. Therefore, absent exceptional circumstances, the defendant's present § 2255 motion is barred by the express terms of his plea agreement.

Even a constitutional right may be waived, as long as a defendant did so by knowingly and voluntarily entering into a plea agreement. *See, e.g.*, *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collateral attack bars such relief. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). As the Sixth Circuit stated, "when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2555." *Davila,* 258 F.3d at 451. The rare exception to this rule is when the collateral attack concerns the validity of the waiver itself; otherwise, such

a waiver would never be effective.

Defendant's motion to vacate his conviction does not directly challenge the validity of the waiver, but can be read as an indirect challenge to the validity of his plea. In his motion, defendant alleges that his attorney violated his Sixth Amendment right to counsel in failing to advise defendant "*more fully* of immigration consequences of his guilty plea" and "allegedly failed to take action that would have shielded his client from mandatory deportation." Doc. 257. (emphasis added). Defendant further argues that the court "failed to inform him of possible immigration consequences" in violation of Fed. R. Cr. 11, and that if he had been fully informed of those consequences, he would not have pleaded guilty, out of fear that he would face "possible deportation." *Id.* Finally, defendant asserts that his attorney violated the Vienna Convention by failing to notify defendant of his right to contact his Consulate.

Any suggestion that the defendant's plea was unknowing or involuntary is refuted both by the written plea agreement and the plea colloquy in open court. Mr. Auchi and his wife pleaded guilty pursuant to written agreements executed on the same day. The court conducted rearraignments for both Mr. and Mrs. Auchi at the same time. At that time, Mr. Auchi affirmatively represented that he had had enough time to talk to his attorney and was satisfied with his advice. Doc. 265, TR of Rearraignment at 5. He stated several times in response to repeated inquiries that he had discussed the plea agreement with counsel, understood all the terms of the plea agreement, and had no questions. *Id.*, TR at 10-11, 16-17. He verified that he was not forced, coerced, or threatened to enter into the agreement, but that he entered into it voluntarily. *Id.*

In addition to the written waiver, the Assistant United States Attorney orally advised the court and the defendant of the contents of the plea agreement in open court, including that "[i]n

paragraph 7, each defendant waives his or her right to appeal and to attack collaterally their guilty plea, conviction, and sentence." *Id.* at 9. The Court drew specific attention to the waiver to ensure that the defendants fully understood its meaning:

> THE COURT: Okay. Under paragraph 7 of the plea agreement, each of you have waived your right to appeal and the right to attack collaterally your guilty plea, your conviction, and sentence, including any order of restitution.
>
> I want you to understand all paragraphs in this agreement are significant. Paragraph 7 is very significant because that means if you are sentenced to jail as a result of what you're pleading guilty to today, and while you're in jail, you think that something may have gone wrong during these proceedings, you can't come back in this court to appeal what happened, nor could you file another motion, which is called a motion – for instance, a motion to vacate your sentence. That's what a collateral attack would be. You can't do any of that because you're waiving it as part of this plea agreement.
>
> Mrs. Auchi, do you understand that?
> .....
> THE COURT: You do too, Mr. Auchi?
>
> DEFENDANT Y. AUCHI: Yes.

*Id.* After ensuring that the record reflected a full and complete Rule 11 colloquy, the court concluded that both defendants were mentally competent to enter their pleas, *see id.*, TR at 21, and that the pleas were knowing and voluntary.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621 (1977). The defendant does not claim to have been unaware of the waiver provision to which he agreed and the transcript forecloses any challenge on this ground. The defendant cannot now claim that his plea was rendered involuntary based upon a new allegation that his attorney or this court failed to "fully" advise him of "possible

deportation."

Inaccurate predictions by counsel do not render a guilty plea invalid or constitute ineffective assistance where the Court has accurately advised the defendant of sentencing ramifications and of all the rights he is waiving. *See e.g., United States v. Stephens,* 906 F.2d 251, 253 (6th Cir. 1990); *see also United States v. Cinnamon*, 112 Fed.Appx. 415, 419 (6th Cir. 2004); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006)(waiver valid where the court reviewed the charges, established defendant's competency, inquired about defendant's satisfaction with counsel, and verified defendant's understanding of the terms of plea agreement).

The court fully complied with Federal Rule of Criminal Procedure 11 to ensure that the defendant understood both his probable sentence and the terms of the waiver.   The defendant's statements during the Rule 11 colloquy that his guilty plea was voluntary and not coerced are entitled to great weight, and cannot be easily overcome by later allegations that he was inadequately advised of all possible collateral consequences of his plea. *See, e.g., United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999).

The defendant does not challenge his understanding of the waiver or the "very validity" of his plea as contemplated by *In re Acosta*, 480 F.3d 421 (6th Cir. 2007).   Instead, his real complaint is that he now faces potential deportation.  At sentencing, the court granted the defendant a three-level reduction for acceptance of responsibility, as well as the motion of the United States under U.S.S.G. §5K1.1.  Having received the benefit of his plea agreement with a sentence of only eighty months when he originally faced a sentence of 120 months, the defendant's motion is an affront to his expressed voluntary agreement not to collaterally attack that sentence and conviction.

### B.  No Ineffective Assistance of Counsel During Plea

Although I conclude that the merits of defendant's motion need not be reviewed because the motion is foreclosed by defendant's clear waiver, in the alternative I conclude that the motion can be dismissed on the merits.  Construing the motion liberally, defendant claims ineffective assistance of counsel during plea proceedings based upon a failure to advise defendant of the possibility of deportation as a collateral consequence of the defendant's plea.

Ordinarily, a defendant need only be aware of the direct consequences of his plea and need not be advised of all the *possible* or collateral consequences of a plea of guilty.  *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  "[I]t is well settled that there is no obligation to advise a criminal defendant of the collateral immigration consequences of entering a guilty plea." *Sanusi v. Gonzales*, 474 F.3d 341, 347 (6th Cir. 2007)(citing *El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002)); *Santos v. Kolb*, 880 F.2d 941, 944-45 (7th Cir. 1989)(same, collecting cases).  Only in rare cases where an attorney undertakes to advise of collateral consequences and makes affirmative misrepresentations can his erroneous advice amount to the ineffective assistance of counsel.  *Compare United States v. Kwan,* 407 F.3d 1002, 1015-1017 (9th Cir. 2002)(where petitioner specifically asked his attorney about deportation, counsel represented himself as having knowledge and experience regarding immigration consequences, and erroneously advised that there were many things that could be done to avoid deportation) *with Tran v. United States,* 45 F.Supp.2d 157, 162 (D.P.R. 1999)(no ineffective assistance where counsel advised client of possible deportation consequences based on erroneous information provided by INS); *Evola v. Carbone*, 365 F. Supp.2d 592 (D.N.J. 2005)(no relief where counsel advised plea designed to avoid deportation or jail time, but did not guarantee a favorable immigration result).

In this case, Auchi never alleges that his attorney made *any* specific, affirmative misrepresentations concerning deportation. Neither this court nor counsel were required to advise the defendant of the possibility of deportation as a collateral consequence of his plea. Nevertheless, it is clear from the transcript of the sentencing proceeding that the possibility of deportation was at least briefly discussed.

The transcript of defendant's sentencing proceedings includes a brief reference to the possibility of deportation:

> THE COURT:...If the defendant is deported, he shall not re-enter the United States without the permission of the United States Bureau of Immigration and Customs Enforcement and/or the Attorney General. And if he would re-enter the United States during the term of supervision imposed, he must report to the closest United States Probation Office for service of supervision.

Doc. 264, TR at 19. Based upon the record presented, Auchi's claim that his plea was rendered involuntary due to counsel's failure to "more fully" advise him of the possibility of deportation is baseless.

Last, defense counsel's alleged failure to advise defendant of his rights under Article 36 of the Vienna Convention prior to defendant's plea provides no grounds for relief. In *United States v. Emuegbunam*, 268 F.3d 377, 391-394 (6th Cir. 2001), the court held that the Vienna Convention does not confer individually enforceable rights upon defendants in federal prosecutions because international treaties do not create individual rights that may be enforced in the federal courts.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** the motion of the United

States to dismiss defendant's collateral attack [Doc. #268] be **granted** and that the defendant's motion to vacate his sentence [Doc. #257] be **denied** and dismissed from the active docket.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 9th day of December 2009.



Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge